# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RICHARD JOHN ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-3114-CV-S-DW-P |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Respondents. | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner is confined at the Camden County Jail in Camdenton, Missouri, awaiting sentencing after he was convicted on April 6, 2005, of two counts of tampering with a judicial officer in the Circuit Court of Camden County, Missouri. Petitioner filed this petition for writ of habeas corpus on March 21, 2005, before he was convicted on the state court charges. Petitioner raises grounds for relief alleging denial of procedural due process, lack of a speedy trial, lack of subject matter jurisdiction, and vindictive prosecution.

Respondents contend that petitioner's claims are not exhausted and that petitioner has the available state court remedies of a motion for new trial, a direct appeal, a motion for post-conviction relief, and a post-conviction appeal. Doc. No. 5. Petitioner contends that he presented his claims to the state courts in habeas corpus petitions, which were denied without comment. Doc. No. 8. "Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Bonner v. Circuit Court of City of St. Louis, Missouri, 526 F.2d 1331,

1336 (8th Cir. 1975), cert denied, 424 U.S. 946 (1976) (citations omitted). Thus, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).

The grounds that petitioner raises in this federal petition should have been presented to the state trial court as part of his state criminal proceedings and must be raised again to the state appellate courts since his conviction. Rose v. Lundy, 455 U.S. 509, 520 (1982). In contrast to Braden, petitioner sought to "derail" the pending criminal prosecution in state court[1], rather than to enforce his right to a speedy trial. Braden, 410 U.S. at 489-90. Petitioner also has failed to allege any "special circumstances" permitting pretrial habeas corpus consideration of his claims. Id. at 490. Because consideration of petitioner's pretrial claims are not justified under either the exhaustion doctrine or the abstention doctrine, the Court will dismiss this petition.

Accordingly, it is **ORDERED** that this case is dismissed, without prejudice, pursuant to 28 U.S.C. § 2254(b) and (c).

    /s/ Dean Whipple  
    DEAN WHIPPLE  
    UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

---

[1] In any event, Mo. Rev. Stat. § 545.780 does not set a 180-day deadline for trial. Rather, it requires that the court "set the case for trial as soon as possible" after a defendant files a request for a speedy trial. Only if petitioner's constitutional right to a speedy trial has been denied as set out in Barker v. Wingo, 407 U.S. 514 (1972), should the charges against petitioner be dismissed. Petitioner also has, however, failed to demonstrate that the delay in bringing him to trial prejudiced his ability to make a defense. State v. Darnell, 858 S.W.2d 739, 745-46 (Mo. Ct. App. 1993).

Dated: 5/12/05              .